UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KIRK OCHOA,

                     Plaintiff,

    - vs -                                     6: 05-CV-1150
                                                    (DNH)(GJD)
MICHAEL A. ARCURI,

                     Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**U. S. DISTRICT COURT**
**N. D. OF N. Y.**
**FILED**
**SEP 2 9 2005**
AT _____ O'CLOCK ____ M
**LAWRENCE K. BAERMAN, Clerk**
**UTICA**

APPEARANCES:

KIRK OCHOA
Plaintiff, *pro se*
05-A-0649
Oneida Correctional Facility
6100 School Road
P.O. Box 4580
Rome, New York 13442

DAVID N. HURD
United States District Judge

## ORDER

    The Clerk has sent to the Court a civil rights complaint, together with an *in forma pauperis* application, submitted for filing by plaintiff Kirk Ochoa. Dkt. Nos. 1 and 2. Plaintiff is currently incarcerated at Oneida Correctional Facility and has not paid the filing fee for this action. Plaintiff has also submitted a motion for appointment of counsel. Dkt. No. 4.

    For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. Background

In his *pro se* complaint, plaintiff alleges that the defendant, Oneida County District Attorney Michael Arcuri, violated plaintiff's constitutional rights. Specifically, plaintiff claims that he wrote to the defendant several times, asking the defendant to file criminal charges against certain correctional officers at Oneida Correctional Facility. Plaintiff alleges that he never received a response from the defendant. Apparently, the requested criminal charges were never filed. Plaintiff seeks monetary damages. For a more complete statement of plaintiff's claims, reference is made to the entire complaint.

## II. Discussion

Turning to plaintiff's *in forma pauperis* application, the Court finds that plaintiff may properly commence this action *in forma pauperis* because plaintiff sets forth sufficient economic need. Dkt. No. 2.

The Court must now consider whether the case should be dismissed pursuant to 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> ***
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id.*

Plaintiff purports to assert a claim against the defendant pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); see also *Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

"[P]rosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution of individuals. See *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). Moreover, the Second Circuit has held that a prosecutor's decision not to commence a criminal prosecution is as protected by absolute immunity as his decision to prosecute.

> We think that, as a matter of logic, absolute immunity must also protect the prosecutor from damages suits based on his decision not to prosecute. . . . [A]bsolute protection from a damages suit for not prosecuting is warranted simply because the decision with respect to any given charge is an either-or proposition. A decision to prosecute logically eliminates the nonprosecution option, and vice versa. If the prosecutor had absolute immunity only for the decision to prosecute and not for a decision not to prosecute, his judgment could be influenced in favor of a prosecution that sound and impersonal judgment would eschew. Thus, the contours of absolute prosecutorial immunity should be drawn to avoid skewing the prosecutor's judgment in either direction, both to eliminate the appearance that personal considerations may be a factor, and to avoid establishing a doctrine that would "discourage prosecutors from

> dismissing meritless actions before trial, since only by pursuing
> . . . charges would the prosecutor be fully immune."

*Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989) (citations omitted). Accordingly, defendant Arcuri, the Oneida County District Attorney is immune from liability under Section 1983 for money damages arising from any constitutional claim based upon his alleged decision not to prosecute certain individuals.

Because plaintiff's complaint seeks monetary relief against a defendant who is immune from such relief and fails to state a claim upon which relief may be granted, the action is dismissed. *See* 28 U.S.C. § 1915(e).

WHEREFORE, it is hereby

ORDERED, that leave to commence this action in forma pauperis is granted, and it is further

ORDERED, that this action is dismissed for the reasons set forth above, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 28, 2005
       Utica, New York.